IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW M. HOYT,

        Plaintiff,

  v.

KYLE STUMPF, *et al.,*,

        Defendants.

ORDER

15-cv-437-bbc

---

Plaintiff Andrew M. Hoyt is proceeding pro se on claims that defendants Kyle Stumpf, Clarence Elkins, Van Floyd, Matthew Matteson, Brian Tuescher and Robert Van Norman violated his constitutional rights by using excessive force to restrain him after plaintiff intentionally flooded the day room at Dane County Jail. Plaintiff also claims that defendant Nurse Bobbie Jo violated his constitutional rights by failing to provide him proper medical treatment for the injuries he sustained in the course of being restrained.

Defendants have filed a motion to compel plaintiff to sign various forms authorizing plaintiff's health care providers to release plaintiff's medical records for the past five years. Although the release forms themselves are not before the court, defendants say the forms "authorize the disclosure of medical records from all doctors/medical providers that [plaintiff] has received treatment [from] and/or care from within the past five years and, if necessary, any additional medical authorizations as may be required upon review of the medical records obtained." (Dkt. 26). Plaintiff has not filed a formal response to defendants' motion with the court, but defendants report that plaintiff refused their request on the ground that the proposed release is overly broad. (Dkt. 27 at 3).

I am denying defendants' motion as framed because as a matter of policy, this court will not force a litigant to sign a medical records release form. It is always up to a party to decide

whether he wishes to maintain the confidentiality of information that falls within the doctor-patient privilege. But that party cannot have it both ways: he cannot put his mental and medical health in issue then deny his opponents access to relevant medical and psychiatric records by asserting the privilege. When a plaintiff denies his opponents access to relevant records, then the court has to determine what justice requires under the circumstances, including possible dismissal of the lawsuit. *See* Fed. R. Civ. P. 37(c) (authorizing court to dismiss an action or proceeding for failure to obey an order to provide or permit discovery).

In this case, plaintiff has put his mental health at issue by asserting that mental health problems compelled him to flood the day room, information pertaining to plaintiff's state of mind during the incident at issue is undoubtedly relevant. Plaintiff also claims that defendants' use of excessive force caused him physical injuries. Therefore, defendants are entitled to information related to plaintiff's psychiatric and physical conditions, both before and after the incidents in dispute in this lawsuit.

However, it is not clear why defendants need *all* medical records from *all* of plaintiff's providers going back five years. Moreover, the court would not enter an open-ended order that required plaintiff to execute all additional medical releases that defendants subjectively believe might be necessary in the future. Therefore, the court is directing the parties to make one more good faith attempt to agree on the scope of the release in terms of the time period covered and the type of medical information sought. Hopefully plaintiff and the attorney(s) for defendants will find common ground, but if they cannot, then defendants should renew their motion sooner rather than later and present to the court both sides' positions on the scope of the release. Plaintiff will be given seven calendar days to respond, then the court will rule on the scope of

the release necessary in this case, and the consequences it will impose of plaintiff chooses not to sign such a release.

## ORDER

It is ORDERED that:

(1) Defendants' motion to compel plaintiff to authorize the release of his medical information, dkt. 26, is DENIED without prejudice to renewal if necessary; and

(2) The parties must promptly and in good faith attempt to agree on the scope of a medical and mental health records waiver in this lawsuit.

Entered this 25th day of April, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge